*Leave to File is granted.*
*[signature]*
*3/24/06*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――

Martin A. Armstrong      |   CIVIL ACTION
     -v-                 |   No: 05-2114

Securities Exchange Comm'n, et al

Declaration of Martin A. Armstrong &
Motion To Delay Transfer of the
Civil Action to the Southern District of New York

―――――――――――――――――――

I, Martin A. Armstrong, pro se, hereby declare under penalty of perjury pursuant to 28 USC §1746, that I am the above captioned plaintiff. I respectfully move before this court to delay the transfer of the same captioned civil action to the Southern District of New York pending a challenge to such transfer via mandamus to the Court of Appeals pursuant to In re Scott, 709 F2d 717 (DC Cir 1983) (per curiam).

Aside from the contention that such transfer would be to an improper forum which has already professed a lack of jurisdiction to reach the issues presented to this court via habeas making any recharacterization of the petition a habeas impermissible, on or about January 23rd, 2006 oral argument will be at last heard by the Second Circuit court of appeals 04-5448. I will be represented by Chadbourne & Parke LLP who will also move for bail, since it is anticipated that this matter will most likely end up in the Supreme Court since the government is clearly attempting to strip all persons of personal post-indictment rights as a consequence of working for a

1

collective entity (corporation). Justices Thomas and Scalia invited such a petition to reconsider the act-of-production doctrine that discriminates constitutionally against all collective entities. Justice Thomas, in his concurrence to <u>US v. Hubbell, 530 US 27 (2000)</u> joined by Justice Scalia, explained

"I write separately to note that this doctrine may be inconsistent with the original meaning of the ... self-incrimination clause. A substantial body of evidence suggests that the ... privilege protects against the compelled production not just of incriminating testimony, but of any incriminating evidence. In a future case, I would be willing to reconsider the scope and meaning of the self-incrimination clause"

<u>id/at 49</u>

No doubt, this court is skeptical about pro se litigants. This is obviously why I was retroactively disgorged of all counsel without any tracing of alleged assets and denied counsel by the civil label. Such practices are clearly designed to further totalitarian goals on the part of the executive. Nevertheless, I have also personally testified before the House Ways & Means Committee on international law, taxation and capital flows. My father was a judge. I grew up with law and have study law intensely these past 6 years or so. I am not stupid nor do I make meritless arguments.

I respectfully move to delay transfer of this matter pending petition to the DC Court of Appeals particularly in light of the fact that my release via the habeas would moot any validity to such a transfer.

Respectfully Submitted

dated: December 22nd, 2005
New York, New York

Martin A. Armstrong